UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| L.M., *by and through her parents and next friends*, M.M. and M.M., | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 3:18-cv-00037-GFVT |
| V. | ) ) | |
| HENRY COUNTY BOARD OF EDUCATION, *et al.*, | ) ) ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is before the Court on Plaintiff L.M.'s Motion to Amend or Alter Judgment in Part, which the Court construes as a motion for reconsideration. [R. 38.] L.M. asks the Court solely to reconsider its prior holding that her parents were not entitled to tuition reimbursement. For the reasons that follow, Plaintiff's motion is **DENIED**.

# I

L.M. brought this suit pursuant to the Individuals with Disabilities Education Act (IDEA), seeking partial reversal of a final decision by the Exceptional Children Appeals Board. [R. 1.] Specifically, L.M. took issue with the Appeals Board's determination that the private school L.M. attended after leaving Henry County public schools, Summit Academy, was not an appropriate placement warranting tuition reimbursement to L.M.'s parents. [*See* R. 1 at 5.] This Court entered an Opinion and Order denying L.M.'s claims, finding that L.M. failed to show that the placement at Summit Academy warranted tuition reimbursement. [R. 37.]

Now, L.M. asks the Court to alter or amend its findings on this one issue. [R. 38 at 1.] Although somewhat unclear, her motion appears to argue that the Court analyzed this issue under

the wrong standard. *Id.* at 4. In response, Defendant Board of Education of Henry County, Kentucky, argues that L.M.'s motion does not provide any legitimate basis for the Court to change its prior analysis or findings. [R. 39 at 6.]

## II

## A

This Court has the authority under Federal Rule of Civil Procedure 54(b) and common law "to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 952 (6th Cir. 2004) (citations omitted). As the Court has yet to enter final judgment, pending L.M.'s claim for attorney's fees, the more restrictive Rule 59(e) analysis does not apply here.[1] Generally, Rule 54(b) reconsideration is proper in three circumstances: "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959.

Here, as L.M. argues that the Court applied the wrong standard in the previous Order, it appears she requests reconsideration under the third prong—a need to correct a clear error. In large part, L.M.'s motion cites to cases which reinforce that, as a general matter, tuition reimbursement is an available remedy for a denial of a Free Appropriate Public Education (FAPE). [*See* R. 38 at 4 (citing *Endrew F. v. Douglas Cty. Sch. Dist. Re-1*, 798 F.3d 1329, 1334 (10th Cir. 2015), *vacated and remanded*, 137 S. Ct. 988 (2017)).] Of course, the general availability of tuition reimbursement has never been in dispute. What is in dispute in this case is

---

[1] L.M. cites to Federal Rule of Civil Procedure 59(c) as the authority for her motion. [*See* R. 38 at 1.] But Rule 59(c) relates to the service of affidavits in support of a motion for new trial and is entirely inapplicable here. Fed. R. Civ. P. 59(c). Based on the inapplicability of Rule 59(c), the timing of the motion, and the arguments within, the Court construes her motion as a motion for reconsideration. *See* Fed. R. Civ. P. 54(b); *Russell v. GTE Gov't Sys. Corp.*, 141 Fed. App'x 429, 436 (6th Cir. 2005).

whether such reimbursement is appropriate.  To resolve this question, in the previous Order this Court focused on whether Summit Academy was a proper placement as defined by the IDEA. [R. 39 at 9.]  The Court determined it was not.  *Id.* at 9–10. And, contrary to L.M.'s assertions, the standard applied in making this determination was correct.

**B**

To establish that a private school placement was proper under the IDEA, a court must find that "the education provided by the private school is 'reasonably calculated to enable the child to receive educational benefits.'" *Florence Cty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 15 (1993) (citation omitted).  The Sixth Circuit has provided, more specifically, that "a unilateral private placement cannot be regarded as 'proper under the [IDEA]' when it does not, at a minimum, provide some element of special education services in which the public school placement was deficient."  *Berger v. Medina City Sch. Dist.*, 348 F.3d 513, 523 (6th Cir. 2003).

In light of these standards, the Court looked to whether there was adequate objective evidence that Summit Academy provided the special education services L.M. needed.  [R. 37 at 10 (citing *Berger*, 348 F.3d at 522).]  There was not and, as such, the Court declined to displace the Appeals Board's determination that Summit Academy was not a proper placement.  *Id.*  L.M. fails entirely to explain how the Court, in her view, applied the wrong standard in coming to this conclusion.  Indeed, the cases to which she cites apply standards which are consistent with the analysis within this Court's prior Order.

In further support of her request for reconsideration, L.M. points to evidence which indicates increased academic and social success while attending Summit.  [R. 38 at 6.]  This evidence, however, is the type of anecdotal evidence which the Court has already indicated is too subjective to meaningfully impact any finding on the propriety of the Summit placement.  [*See*

R. 37 at 10 ("Without some comparison, the Court is left with evidence that functions like a yard stick with no markings.").  Consequently, consideration of this evidence does nothing to change the analysis.

In reality, L.M.'s disagreement with the Court is not with the standard applied, but the conclusion reached.  And, on review, the Court sees no reason to change its conclusion: L.M. simply failed to provide sufficient evidence indicating the education provided by Summit Academy was "reasonably calculated to enable the child to receive educational benefits." *Carter*, 510 U.S. at 15 (citation omitted).  There is no indication of clear error and the findings as to the propriety of tuition reimbursement will remain undisturbed.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.   Plaintiff's Motion to Amend or Alter Judgment in Part, construed as a motion for reconsideration [**R. 38**], is **DENIED**; and

2.   All other matters being resolved, attorney's fees will be determined upon a showing of the Plaintiff's attorney.

This the 1st day of April, 2020.

Gregory F. Van Tatenhove
United States District Judge

4