UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

|  |  |  |
|---|---|---|
| L.M., *by and through her parents and next friends*, M.M. and M.M., | ) ) ) ) | Civil No. 3:18-cv-00037-GFVT |
| Plaintiff, | ) ) |  |
| V. | ) ) | **MEMORANDUM OPINION** |
| HENRY COUNTY BOARD OF EDUCATION, *et al.*, | ) ) ) | **&** **ORDER** |
| Defendants. | ) ) ) |  |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff L.M.'s Motion for Attorneys' Fees, Costs

and Expenses. [R. 48.] In large part, the Court finds Plaintiff's request to be reasonable and

appropriate under 20 U.S.C. § 1415(i)(3)(B). For the reasons that follow, Plaintiff's Motion for

Attorneys' Fees is **GRANTED IN PART** and **DENIED IN PART**.

**I**

L.M. brought this suit pursuant to the Individuals with Disabilities Education Act

(IDEA),[1] seeking partial reversal of a final decision by the Exceptional Children Appeals Board.

[R. 1.] Defendant Henry County Board of Education ("Board of Education") filed a

counterclaim, also seeking partial reversal of the Appeals Board's decision. [R. 3.] Specifically,

---

[1] As noted previously, Individuals with Disabilities Education Act (IDEA) cases require numerous acronyms. *See B.R. ex rel. K.O. v. New York City Dept of Educ.*, 910 F. Supp. 2d 670, 672 n. 1 (S.D.N.Y. 2012) ("[A]cronyms have so invaded IDEA practice that this judge, like others before him, is pretty much stuck with having to use them."). To the extent possible the Court uses alternatives to those acronyms.

Defendant disputed the Appeals Board's finding that it failed to provide a Free Appropriate

Public Education (FAPE).  [*See* R. 3 at 5.]

This Court entered an Opinion and Order denying both L.M. and Defendant's motions for

judgment of reversal.  [R. 37 at 11.]  As part of that Order, the Court upheld, with minor

modifications, the Appeals Board's decision with regard to the compensatory education awarded

to L.M.  [*Id.* at 10–11.]  This matter was appealed to the Sixth Circuit [See R. 42], and the appeal

was voluntarily dismissed by Plaintiff-Appellant L.M.  [R. 44.]  On July 7, 2020, the Court

ordered Plaintiff L.M. to make a showing as to attorney's fees.  [R. 47.]

On August 6, 2020, L.M. asks the Court to award her $37,820.83 in attorney fees

pursuant to 20 U.S.C. § 1415(i)(3)(B).[2] [R. 48-1, 54.]  In support, L.M. argues that she was the

prevailing party in the Due Process hearing and attaches various affidavits in order to support

plaintiff counsel's hourly rate of $325.  [R. 48-1.]  In response, Defendant Board of Education

argues that (1) Plaintiff L.M. is not statutorily authorized to seek attorneys' fees; (2) certain

items billed are non-compensable; (3) other items should be excluded by the Court; (4)

Plaintiff's counsel's hourly rate is inaccurate; and (5) the total fee award should be reduced.  [R.

52, 55.]  Further, the state education Defendants[3] sought dismissal of any attorneys' fees claims

as to them, asserting that there were no substantive claims levied against them.[4] [R. 51.]

On September 11, 2020, Plaintiff moved for an amendment to her request for attorneys'

fees, adding $3,996.25 for the time that Plaintiff's counsel spent litigating the attorneys' fees

---

[2] Plaintiff mistakenly seeks attorney fees through 20 USC §1415(e)(4).  [R. 48 at 1.]
[3] Including the Kentucky Department of Education, the Kentucky Department of Education Office of Special Education and Early Learning, and Associate Commissioner Gretta Hylton.
[4] Seeing as no substantive claims were levied against the state education Defendants, the Court will deny any claims for attorneys' fees as to these Defendants.

issue.  [R. 54.]  The Board of Education responded by pointing to numerous alleged issues with

Plaintiff's calculations, record keeping, and claimed fees.  [R. 55.]

## II

### A

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that

is, one that is adequately compensatory to attract competent counsel yet which avoids producing

a windfall for lawyers." *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)

(citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)).  In IDEA proceedings, a district court

has the discretion to award reasonable attorney fees to: (1) "a prevailing party who is the parent

of a child with a disability"; (2) "a prevailing party who is a State educational agency or local

educational agency against the attorney of a parent who files a complaint or subsequent cause of

action that is frivolous, unreasonable, or without foundation"; or (3) "to a prevailing State

educational agency or local educational agency against the attorney of a parent, or against the

parent, if the parent's complaint or subsequent cause of action was presented for any improper

purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of

litigation." 20 U.S.C. § 1415(i)(3)(B)(i); *see Somberg on behalf of Somberg v. Utica Community

Schools*, 908 F.3d 162, 178 (6th Cir. 2018).  In fact, the Sixth Circuit "requires that a district

court award attorney fees to a prevailing party where no special circumstances militate against

such an award."  *Id.* (quoting *Wikol ex rel. Wikol v. Birmingham Pub. Sch. Bd. of Educ.*, 360

F.3d 604, 611 (6th Cir. 2004)).

The Sixth Circuit interprets the fee-shifting provision of the IDEA in the same way it

interprets the fee-shifting provision of 42 U.S.C. § 1988.  *Somberg on behalf of Somberg*, 908

F.3d at 182 (citing *Phelan v. Bell*, 8 F.3d 369, 373 (6th Cir. 1993)).  Under § 1988, a district

court should calculate the "lodestar" value, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Further, a district court should "exclude from this initial fee calculation hours that were not reasonably expended." *Id.* at 434.

**B**

**1**

As an initial procedural matter, the Board of Education argues that the present motion for attorneys' fees was mistakenly brought on behalf of L.M.. by and through her next friends, her parents, M.M. and M.M. [*See* R. 52 at 4.] Citing a footnote in a Sixth Circuit decision from 2000,[5] the Board of Education asserts that § 1415(i)(3)(B)(I) authorizes a court to "award reasonable attorneys' fees . . . to a prevailing party *who is the parent of* a child with a disability . . ." (emphasis added). [*Id.*]

Before addressing whether L.M.'s parents properly brought the present motion for attorney's fees as the next friends of L.M., it is important to first define and contextualize a "next friend" action. According to Black's Law Dictionary, a "next friend" is "[s]omeone who appears in a lawsuit to act for the benefit of an incompetent or minor plaintiff, but who is not a party to the lawsuit and is not appointed as a guardian." Black's Law Dictionary (11th ed 2019), next friend. Under the federal rules of civil procedure, courts allow "[a] minor or an incompetent person who does not have a duly appointed representative [to] sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Courts regularly allow such representation because

---

[5] In *King v. Floyd Co. Bd. of Educ.*, 228 F.3d 622, 624, n. 1 (6th Cir. 2000), the Sixth Circuit took note that the three students who had brought suit under the IDEA mistakenly did so through a parent as next friend. Even though the parents should have sued in their own names, the Court does not address the discrepancy because neither the Board of Education nor the district court made issue of it.

the civil rights interests of a child and parent generally coincide in the educational setting. *See generally* Alison M. Brumley, *Parental Control of a Minor's Right to Sue in Federal Court*, 58 U. Chi. L. Rev. 333 (1991).

Although the language of § 1415(i)(3)(B)(I), as a procedural technicality, seems to require that a parent bring suit in her own name, allowing a parent to bring attorney's fees on behalf of her child or as next friend of her child comports with the purpose of the IDEA and underlying parental rights.[6]  Even though a parent, as next friend, is not a party to the litigation, the parent is still acting for the benefit of the child in seeking attorney's fees.  Consequently, allowing a parent to sue for attorneys' fees under the IDEA as next friend of the child does not frustrate the purpose of § 1415(i)(3)(B)(I).

Since the Sixth Circuit's decision in *King*, numerous plaintiffs in IDEA cases have sought attorneys' fees in a similar manner. *See Somberg on behalf of Somberg*, 2017 WL 6462341; *see also Tompkins ex rel. A.T. v. Troy School Dist.*, 199 Fed.Appx. 463 (6th Cir. 2006); *see also Wikol ex rel.* Wikol, 360 F.3d 604.  In line with these preceding opinions, this Court will not dismiss the present motion for reasonable attorneys' fees on these grounds.

**2**

Plaintiff L.M., in his amended motion, requested $45,310.83 in fees in compensation for work performed by Plaintiff's counsel, Attorney Edward E. Dove, and a paralegal.  [R. 53-2.] Plaintiff also requested an award of costs in the amount of $400 for filings fees incurred.[7]  [R. 48-2 at 8.]  As set out above, Defendant Board of Education acknowledges that L.M. is entitled

---

[6] *See* Alison M. Brumley, *Parental Control of a Minor's Right to Sue in Federal Court*, 58 U Chi L Rev 333, 341 (1991) (discussing, in part, the legal status of parents' rights to control their children and the origins and limits of parental rights under the U.S. Constitution).
[7] Defendant Board of Education does not dispute the award of costs in the amount of $400. [R. 52 at 7.]

to attorney's fees or costs.   [*See* R. 52 at 4.]  They argue, however, that certain of L.M.'s

requests are either (1) outside the scope of what it is entitled to in terms of "reasonable attorneys'

fees or costs," or (2) not supported by a sufficient explanation or documentation.  [*See* R. 52, 55.]

Defendant objects to fees requested for roughly seven different tasks or categories of tasks.  [R.

52 at 7–8.]  After review of the record and the parties' respective arguments, the Court finds that

all of these objections are sufficiently specific so as to require further review.

**3**

First, Defendant Board of Education objects to one-hour's worth of fees incurred on

September 26, 2017 spent by the Plaintiff drafting a second due process hearing request.  [R. 52

at 7.]  Defendant argues that the due process hearing request was subsequently withdrawn and

that it should not be reimbursed because "the work reflected was separate from and unrelated to

the administrative proceeding."  [*Id.*]  The Plaintiff does not address the Board of Education's

contention in her reply.  [*See* R. 53.]  Neither party has included evidence relevant to the one-

hour billing aside from Plaintiff's brief description ("Draft 2nd due Process") and Defendant's

dispute of the billing's relevance.  In either case, the Supreme Court has emphasized that "[t]he

party seeking an award of fees should submit evidence supporting the hours worked and rates

claimed," and that "the district court may reduce the award accordingly" if this "documentation

... is inadequate." *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939.  In the present case, the

documentation is inadequate to support the award of the one-hour billing, and consequently, the

Court will reduce the total amount awarded by $325.00.

**4**

Next, Defendant argues that two billing entries related to docket entries 17 and 38 were part of Plaintiff's fruitless attempt to persuade the Court to grant tuition reimbursement for L.M.'s education at Summit Academy.[8]  [R. 52 at 8.]  Defendant asserts that Plaintiff's unsuccessful attempt at tuition reimbursement did not contribute in any way to L.M.'s prevailing party status and should therefore be stricken.  [*Id.*]  Plaintiff, in her reply, simply attempts to define what a prevailing party encompasses generally, without addressing Defendant's specific contention.  [*See* R. 53 at 2–7.]  The record supports Defendant's argument.  On reconsideration of the tuition reimbursement issue, the Court held that L.M. had failed to provide sufficient evidence that the education provided by Summit Academy was reasonably calculated to enable the child to receive educational benefits.  [R. 40 at 4.]  Plaintiff's motion for tuition was denied twice on those grounds and did not result in any change in the legal relationship between the parties.  [See R. 37, 40.]  Consequently, the Court finds that these entries do not warrant compensation.  The Court will reduce the total amount awarded by $1625.00.

**5**

Next, Defendant takes issue with Plaintiff's entry of 0.10 hours for "Draft Notice of Appeal."  [R. 52 at 8.]  Defendant asserts that the notice of appeal [R. 41] was premature and that plaintiff stipulated to its dismissal on May 15, 2020.  [*Id.*, R. 44.]  Plaintiff declined to address the Defendant's argument in her reply.  Plaintiff's premature motion did not affect the legal relationship of the parties and had no bearing on Plaintiff's "prevailing party" designation.

---

[8] These billings are titled "Draft Motion to Supplement Record" and "Research and Draft Motion to Altern Amend or Vacate."  [See 48-2 at 7.]

Consequently, the entry does not warrant compensation and the Court will reduce the total amount awarded by $32.50.

**6**

While the Defendant did not take issue with Mr. Dove's billings related to travel costs, the Court has taken note that Mr. Dove charged his full hourly rate for travel expenses. While Mr. Dove is permitted to reimbursement for his travel costs, "it seems excessive to permit the billing of travel time at a full hourly rate." *Winkelman v. Parma City School Dist.*, 2009 WL 1444441, at *6 (N.D. Ohio 2009) (citing *M.L. ex rel. M.P. v. Board of Education of New York,* 2003 WL 1057476, at n.2 (S.D.N.Y. 2003)). Accordingly, the Court finds that Mr. Dove's travel time should be reimbursed at half of his hourly rate, or $162.5 per hour. *Id.*

**7**

Plaintiff's Motion to Amend her Request for Attorneys' Fees includes a request to increase the hours charged for each of the three due process hearings. [R. 54-1.] As the Defendant notes, Plaintiff's requests are based solely on defense counsel's bill to his client and make no reference to Plaintiff's own timekeeping practices nor the stenographer's record of the proceeding. [*See* R. 55 at 3.] Without further clarity from the Plaintiff, the stenographer's timekeeping presents the most objective indicator as to the length of the hearings. The Court will award Mr. Dove 6.50, 7.00, and 7.40 hours for each respective hearing. Further, the Court will not award Mr. Dove (1) the 2.00 hours that his paralegal spent reviewing his hours for the initial Motion for Fees; nor (2) the 2.00 hours his paralegal spent calculating defense counsel's hours expended on representing his client. [See R. 54-2.] Awarding such fees would simply be rewarding Mr. Dove for his own initial miscalculations.

**8**

Two of Defendant's more contentious objections concern Plaintiff's counsel's hourly

rate, as well as Plaintiff's net success in both the administrative proceeding and in the present

action.  [R. 52 at 5–7.]  Plaintiff spends the bulk of her motion for attorneys' fees, as well as her

reply, arguing that she is entitled to "prevailing party status" due to her success as to at least one

issue, which materially "altered the legal relationship of the parties."  [*See* R. 58-2 at 2];

*Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*,

532 U.S. 598, 604 (2001).  Defendant Board of Education does not dispute that Plaintiff has

obtained prevailing party status.  [R. 52 at 6–7.]  Plaintiff is, in fact, a prevailing party in that she

has "succeed[ed] on [a] … significant issue in litigation which achieve[d]  some benefit to the

part[y] sought in bringing suit."  *Berger v. Medina City Sch. Dist.,* 348 F.3d 513, 526 (6th

Cir.2003) (quoting *Hensley,* 461 U.S. at 433).  Namely, Plaintiff was successful in showing that

the Board of Education denied L.M. a FAPE during her fifth-grade year.

As Plaintiff has achieved "prevailing party" status, the next step of our inquiry is laid out

in *Hensley*, in which the Supreme Court provided guidance for determining the appropriate

amount of attorneys' fees:

> The most useful starting point for determining the amount of a reasonable fee is the
> number of hours reasonably expended on the litigation multiplied by a reasonable
> hourly rate.  This calculation provides an objective basis on which to make an initial
> estimate of the value of a lawyer's services.  The party seeking an award of fees
> should submit evidence supporting the hours worked and the rates claimed. Where
> the documentation of hours is inadequate, the district court may reduce the award
> accordingly.
>
> The district court also should exclude from this initial fee calculation hours that
> were not 'reasonably expended.' ...  Cases may be overstaffed, and the skill and
> experience of lawyers vary widely.  Counsel for the prevailing party should make
> a good faith effort to exclude from a fee request hours that are excessive, redundant,

or otherwise unnecessary, just as a lawyer in private practice ethically is obligated
to exclude such hours from his fee submission....

461 U.S. at 434, 103 S.Ct. at 1940.  The Defendant first disputes Mr. Dove's hourly rate.

[*Id.* at 8–10.]  Further, Defendant disputes certain charges as unreasonable or non-

compensable.  [*See* R. 52 at 7.]

**a**

20 U.S.C. § 1415(i)(3)(C) requires that attorneys' fees under the IDEA "be based on rates

prevailing in the community in which the action or proceeding arose for the kind and quality of

services furnished."  The rates to be used in calculating the lodestar are those rates "prevailing in

the community for similar services by lawyers of reasonably comparable skill, experience, and

reputation." *Blum v. Stenson,* 465 U.S. 886, 896 & n. 11 (1984).  The reasonable hourly rate in

the community may be established through proof of rates charged in the community under

similar circumstances as well as opinion evidence of reasonable rates. *See Traverse Bay Area*

*Intermediate School Dist. v. Michigan Dept. of Educ.*, 2008 WL 2397631, at *5 (W.D. Mich.

June 11, 2008).  Additionally, a court may determine a reasonable rate based upon its own

expertise and judgment. *Id.* (citing *United States ex rel. Educ. Career Dev., Inc. v. Cent. Fla.*

*Reg'l Workforce Dev. Bd., Inc.*, 2007 WL1601747, at *6 (M.D. Fla. June 1, 2007)).  Both parties

submit affidavits establishing different prevailing rates based upon their interpretations of what

the scope of the relevant community should encompass.

The Court is now left with the unenviable task of determining the prevailing rate for

attorneys' fees in the community relevant to this action.  It is first necessary to bring the relevant

community into focus.  Plaintiff argues that the relevant community for purposes of attorneys'

10

fees should include the entire judicial district.[9] [R. 53 at 2.] In response, Defendant argues that the action arose out of New Castle, Henry County, Kentucky, and that the relevant community should be limited to New Castle.[10] Plaintiff's argument has support in the law.

Sister courts within the First and Second Circuits have plausibly defined "community" for purposes of 20 U.S.C. § 1415(i)(3)(C) as the district in which the federal court sits. "The Second Circuit has stated that ordinarily, 'the "prevailing community" the district court should consider is 'the district in which the court sits' ....'" not the "geographical area in which th[e] action arose." *Sabatini v. Corning-Painted Post Area Sch. Dist.*, 190 F. Supp. 2d 509, 513 (W.D.N.Y. 2001) (quoting *Cruz v. Local Union No. 3 of Int'l. Bhd. of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994) (holding that the "community" was the Western District of New York)); *see also N.P. v. Hampden-wilbraham Regional School Dist.*, 2016 WL 3620733, at *7 & n. 10 (D. Mass. June 29, 2016) (noting that a broader interpretation of "community" is consistent with Congress's intent to provide incentives to lawyers, especially those with special education expertise, to take IDEA cases); *see also Davis v. Mason Cty.*, 927 F.2d 1473, 1488 (9th Cir. 1991) ("[g]enerally, the relevant community is one in which the district court sits"); *see also Parker v. Swansea*, 310 F. Supp. 2d 376, 390 (D. Mass. 2004) (setting attorney's hourly rate by

---

[9] Plaintiff submits affidavits from Attorneys Joe Childers and Amanda Bear, both of whom practice "in Fayette County and surrounding communities." [R. 48-3, 48-4.] Both attorneys state that: (1) they are unaware of any other attorneys in the Central Kentucky area who represent children in the area of Special Education; and (2) they believe that the hourly rate of $325 per hour is reasonable. [*Id.*] Plaintiff further references *B.S. v. Bd. of Educ. of Oldham County Schools*, an IDEA case in which Plaintiff's counsel purportedly received an hour fee of $350.00.[9] 2015 WL 5156578 at *3 (W.D. Ky. Sept. 2, 2015).

[10] Defendant argues that the Plaintiff's affiants claim no specific knowledge of the prevailing rates or relevant practitioners in New Castle, Kentucky. [R. 52 at 9.] Further, Defendant offers the affidavit of Attorney Robert L. Chenoweth,[10] who states that: (1) he has practiced in Henry County and surrounding areas since 1986; (2) on his information and belief, "even in the larger region including the public school districts in Fayette County and Jefferson County, Kentucky, no attorney is paid more than $200 for providing professional legal services in defending special education due process hearings such as that raised in the instant matter"; (3) there is at least one other named attorney who has represented children in special education proceedings throughout central Kentucky at all relevant times; and (4) an hourly rate of $250 per hour is reasonable for practicing an administrative proceeding in New Castle, Henry County, Kentucky. [R. 52-1.]

considering cases in the district of Massachusetts); *see also Gonzalez v. Puerto Rico Dep't of Educ.*, 1 F. Supp. 2d 111, 115 (D.P.R. 1998) ("Because this action arose in Puerto Rico, the Court shall consider Puerto Rico to be the relevant community for purposes of determining fees").  Plaintiff has provided affidavits that attest to Attorney Edward Dove's expertise and a reasonable rate based upon the legal community in the Eastern District of Kentucky.  Further, Mr. Dove has provided evidence of an hourly rate that he received in Oldham County, which is comparable in size to many counties in the Eastern District of Kentucky, including Franklin, Pike, Pulaski, and Laurel Counties.  See *See Quick Facts: Oldham County*, United States Census Bureau (last accessed Jan. 12, 2021), https://www.census.gov/quickfacts/oldhamcountykentucky. Plaintiff has sustained her burden of demonstrating that Mr. Dove's hourly rate is in accord with prevailing rates in the community.  Because the rates are reasonable, the Court will accept Plaintiff's proposed hourly rates for the lodestar calculation.

**b**

Although Plaintiff's counsel has proffered a reasonable hourly rate, the total number of hours expended may still be adjusted based upon the result counsel obtained.  As the Supreme Court reasoned in *Hensly*:

> The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.' This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief.  In this situation two questions must be addressed.  First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded?  Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

461 U.S. at 434.  Taking a purely mathematical approach to reducing attorneys' fees based on the percentages of claims won is not always a beneficial inquiry.  *See K.L. v. Scott County Schs.*,

2007 U.S. Dist. LEXIS 47190 *7, 2007 WL 1875663 (E.D. Ky. 2007) (citing *Hensley*, 461 U.S. 424, 435). Instead, "the district court should focus on the significance of the overall relief obtained." *Hensley*, 461 U.S. at 435. A full fee may be awarded if the Plaintiff obtained "excellent results," but may be reduced if the Plaintiff "achieved only partial or limited success." *B.S. v. Bd. of Educ. of Oldham County Schools*, 2015 WL 5156578, at *3 (W.D. Ky. Sept. 2, 2015) (quoting *Gross ex rel. Gross v. Perrysburg Exempted Village Sch. Dist.*, F.Supp.2d 726, 731 (N.D. Ohio 2004)).  The plaintiff's success should be measured based upon "the extent that the school's proposed IEP is shown to be inappropriate, even if the ALJ and the courts are not convinced to order the plaintiff's own preferred alternative." *Deal ex rel. Deal v. Hamilton County Dept. of Educ.*, 2006 WL 2854463, at *8 (E.D. Tenn. 2006) (quoting *Gross*, 306 F. Supp. 2d at 732).

In the present case, the Board of Education argues that L.M. was successful in a nominal way while L.M. argues that she is entitled to full reimbursement for attorneys' fees as the prevailing party.  The Court has previously found that the Board of Education denied L.M. a FAPE during her fifth-grade year by failing to adequately define L.M.'s inappropriate behaviors and failing to collect high-quality data, rendering Defendant's Functional Behavior Assessment useless.  [*See* R. 37 at 6.]  The Board of Education, however, highlights the fact that Plaintiff ultimately obtained relief on only one-of-four items sought—the denial of FAPE for the 2015-16 school year because of a failure to develop appropriate behavioral interventions.  [R. 37, 52 at 3.] The Board of Education correctly asserts that Mr. Dove was unsuccessful as to his claims for the 2013-14, 2014-15, and 2016-17 school years.  [*See* R. 52 at 10.]  The Board of Education asks for a 60% reduction in attorneys' fees.  The Court is not persuaded that such a high reduction is warranted.

In civil rights attorneys' fees cases, courts are asked to strike a balance between incentivizing attorneys to represent sympathetic plaintiffs while simultaneously discounting the attorney's unsuccessful claims. *See Blum v. Stenson*, 465 U.S. 886, 897 (1984). There is, however, an inherent tension between these two tasks. Attorneys owe a duty to their clients to "act with commitment and dedication to the interests of the client and with zeal in advocacy upon the client's behalf." Model Rules of Prof'l Conduct R. 1.3[1], "Diligence – Comment" (1983). Such advocacy involves making good-faith arguments available to the attorney on behalf of her client. So long as an attorney is pursuing good-faith arguments on behalf of her client, it is not practical to use the critical gaze of hindsight as a yardstick for attorneys' fees. As Arthur Conan Doyle once said, it is easy to be wise after the event. Arthur Conan Doyle, *The Complete Sherlock Holmes* 1070 (1930). Here, Mr. Dove made good-faith claims as to a denial of a FAPE for all four school years. Reducing Mr. Dove's fees by 60% in the present case would be a disservice to his advocacy and would certainly disincentivize subsequent attorneys from taking on cases such as L.M.'s.

The Court understands that the Supreme Court's rule, laid out in *Blum*, is likewise used to prevent an attorney from attaining a "windfall" based upon their representation. 465 U.S., at 897. Mr. Dove was unable to show that L.M.'s unilateral placement at Summit Academy for the 2016-17 school year was proper. [*See* R. 37, 40.] As a result, Mr. Dove's repeated claims for tuition reimbursement were denied. [*Id.*] This Court will therefore reduce Mr. Dove's overall attorneys' fee award by 20% of the lodestar rate in light of his limited success in the present IDEA action.

**c**

Next, Plaintiff requests additional fees for time spent litigating fees. [*See* R. 54.]
Specifically, Plaintiff seeks 11.5 hours for the time that Mr. Dove worked on Plaintiff's reply
brief and 4.0 hours that Mr. Dove's paralegal spent on reply exhibits. [R. 54.] Defendant
acknowledges that a plaintiff may properly recover attorneys' fees for work done in connection
with a fee application. *See N.S. ex rel. P.S. v. Stratford Bd. of Educ.*, 97 F.Supp.2d 224, 244 (D.
Conn. 2000) (citing *Gagne v. Maher*, 594 F.2d 336, 343 (2d Cir. 1979)). Further, requests for
reasonable paralegal fees are compensable. *Deal*, 2006 WL 2854463, at *8. Plaintiff carries the
burden, however, of presenting evidence as to the prevailing community rates. L.M. has
presented no evidence as to the prevailing rates for paralegals in the community. In *Deal*, the
court found that paralegals practicing in the field of special education law "receive $60 to $75
per hour." 2006 WL 2854463, at *11. *Deal* reflects the rates for paralegals over fourteen years
ago. Given the Plaintiff's failure to provide current prevailing community rates for paralegals,
however, the Court will award Paralegal Kathryn Claggett's 4.0 hours at a rate of $75 per hour,
commensurate with her experience. [*See* R. 54-2.]

Defendant's Reply Brief [R. 55-1] urges this Court to consider the presumptive three-
percent cap on attorney's fees, as enunciated in *Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th
Cir. 1986). However, *Coulter*'s three-percent cap was abrogated by the 6th Circuit in the
*Northeast Ohio Coalition for the Homeless v. Husted* decision. 831 F.3d 686 (6th Cir. 2016).
Mr. Dove's documented hours spent litigating fees are reasonable [R. 54-1], and the Court will
award him the requested 11.25 hours.

## C

In order to begin the attorneys' fees calculation, the graph below combines the adjusted

fees for the IDEA action with the adjusted fees for Mr. Dove's time spent litigating fees.

| | Charge/Reduction in Hours | Reasonable Rate | Total |
|---|---|---|---|
| Attorneys' fees for the IDEA action[11] | ███████████ | ███████████ | + 35,974.58 |
| Mr. Dove's time spent litigating attorneys' fees | 11.25 hours | $325/hr (Dove) | + $3,656.25 |
| Paralegal's time spent preparing exhibits for fee litigation[12] | 4.00 | $75.00/hr (paralegal) | + $300.00 |
| ███████████ | | **Sum Total** | **$39,930.83** |

These figures result in a lodestar value of $39,930.83, which will then be reduced by 20%, bringing the total to $31,944.66. Finally, the Court will add $400.00 in costs related to court fees. In sum, an award of **$32,344.66** is reasonable to enable L.M. to attract competent legal counsel, but not to provide a windfall to Mr. Dove for achieving partial success.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff is hereby awarded the sum of **$32,344.66** in attorneys' fees and costs incurred in pursuing this matter;
2. Plaintiff's Motion for Attorneys' Fees [**R. 48**] is **GRANTED IN PART and DENIED IN PART**, consistent with the above clarifications;
3. Any claims as to Defendants Kentucky Department of Education, Kentucky Department of Education Office of Special Education and Early Learning, and Associate Commissioner Gretta Hylton are **DENIED**; and

---

[11] The IDEA action calculation includes: (1) a one-hour reduction, striking "Draft 2nd due Process"; (2) a five-hour reduction, striking "Draft Motion to Supplement Record" and "Research and Draft Motion to Altern Amend or Vacate"; a 0.10-hours reduction, striking "Draft Notice of Appeal"; (3) updated travel rates for Mr. Dove which constitute half of his hourly rate; (4) adjusted rates for the due process hearings held on November 28th, 29th, and December 1st, 2016, based upon the stenographers timekeeping.

[12] As previously noted, the Court will not reimburse the paralegal's hours spent reviewing Mr. Dove's initial Motion for Fees and calculating defense counsel's hours.

4. Plaintiff's Motion to Amend her Motion for Attorneys' Fees [**R. 54**] is **GRANTED IN PART and DENIED IN PART**, consistent with the above clarifications.


This is the 21st day of January, 2021.


Gregory F. Van Tatenhove
United States District Judge